## AMENDMENT OF PETITION AFTER VERDICT.

Circuit Court of Cuyahoga County.

THE STOWE-FULLER COMPANY v. LOUIS J. DOMINICK.[*]

Decided, October 27, 1905.

*Error Lies to Action of the Court in Overruling Motion for Judgment Notwithstanding Verdict Though Case is Still Pending—Petition May be Amended to State Cause of Action After Verdict is Returned.*

1. Error lies to the overruling of a motion for judgment notwithstanding the verdict, even though a motion for a new trial is made and is undisposed of in the common pleas court.

2. A court may allow the amendment of a petition after verdict and before judgment is entered, even though the petition in its original form did not state a cause of action.

*Henry & Couse,* for plaintiff in error.
*Kerruish, Chapman & Kerruish,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

J. Dominick brought suit against the Stowe-Fuller Company, filing a petition in which he alleges that while in the employ of the Stowe-Fuller Company he received a personal injury. In that petition he specified certain negligence which he says the Stowe-Fuller Company was guilty of, by reason of which he was injured, and he says in his petition that he was inexperienced in the work in which he was engaged at the time of the injury. He did not allege in the petition that he had no knowledge of the manner in which the sacks of lime, which fell over and injured him, were piled up. He did not allege that he did not have the means of knowledge which the defendant had of the manner in which the sacks were piled. But it is not necessary that an inexperienced man, as he says he was (he says he had only worked there ten minutes when he received the injuries) should

---

[*]Affirmed without opinion, *Stowe-Fuller Co.* v. *Dominick*, 75 Ohio State, 593.

aver that he did not have the means of knowledge, but it is, as we understand the law, necessary that he aver that he had not the knowledge.

No demurrer was filed to this petition, nor was objection made to the introduction of evidence on the ground that the facts stated in the petition did not constitute a cause of action.

An answer was filed to the petition, the case went to trial and a verdict was returned for the plaintiff. Upon the return of the verdict the defendant moved for judgment notwithstanding the verdict. The ground upon which this motion was based was that the petition failed to state a cause of action against the defendant in favor of the plaintiff. Plaintiff was then permitted to amend his petition and such amendment was made by the insertion of the words "that he had no knowledge of the manner in which said sacks were piled." That amendment having been made, the motion for a judgment notwithstanding the verdict was overruled. It is the overruling of this motion which is claimed to constitute error. Following the overruling of this motion the court sustained a motion of the defendant for a new trial, and this case is still pending in the court of common pleas. The defendant in error claims that the case is prematurely brought into this court; that so long as the case is pending in the court of common pleas this court can not entertain a petition in error to review the order of that court.

We hold against the contention of the defendant in error in this and we do so on authority of *Davis* v. *Turner*, 69 O. S., 101, and we are thus brought to a consideration of the alleged error.

Section 5238, Revised Statutes, provides that:

"When upon the statements in the pleadings one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party."

It is urged here that the petition, as it stood at the time the verdict was rendered, did not state a good cause of action against the defendant. Without stopping to read from the petition, we incline to the opinion that this is well taken, and that if a general demurrer had been filed to it, such demurrer

should have been sustained. But the court permitted the plaintiff to amend his petition before passing upon the motion, and we hold that the petition as amended stated a cause of action in plaintiff's favor. This amendment was allowed by the court under Section 5114, Revised Statutes, which reads:

"The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading by inserting other allegations material to the case," etc.

But it is said the court can not permit allegations to be made, under the name of "amendment," which will state a cause of action, when no cause was before stated; that is, to use the language of the books, there must be something to "amend by" or there can be no amendment. This proposition appears to be supported uniformly by the authorities, and we must therefore inquire what is meant by the language, "there must be something to amend by." If, as is urged by the plaintiff in error there must be, in the case of a petition, such a complete cause of action stated before an amendment can be allowed, then our practice from time immemorial seems to have been wrong.

Section 5116, Revised Statutes, provides that:

"If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by amendment, with or without costs as the court in its discretion shall direct."

Section 5061, Revised Statutes, provides for demurrer to petition when it does not state facts sufficient to constitute a cause of action. This is denominated a general demurrer, and, as has already been said, it has been the universal practice to allow amendment to the petition after the sustaining of a general demurrer, where the petition undertakes to state a cause of action so plainly set forth that it is plain upon what the plaintiff relies, and where the amendment in no wise changes what the plaintiff clearly undertook to set out in the defective pleading. In the petition in this case there was something to "amend by" as those words are used in the books.

As said in *Ellison* v. *R. R. Co.*, 87 Ga., 690:

"When an amendment needed is one of substance itself enough to amend by does not mean the same as 'Enough to be

good in substance without amendment.' On the contrary, failing to be good in substance is generally the reason why amendment in substance is needed.''

The opinion of the court is most interesting, but time will not be taken to read from it.

The judgment of the court of common pleas is affirmed.